IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

A. KATHLEEN JONES,

Plaintiff

vs.                                                    Case No. 14-1245-SAC

MICHAEL DALRYMPLE,
SHARON McCAFFREY,
CAROL KLATASKE, and
LEE DALRYMPLE SPECIAL
NEEDS TRUST,

Defendants.

MEMORANDUM AND ORDER

The three individual defendants filed a joint motion to dismiss the plaintiff's claims as being subject to res judicata and collateral estoppel, as seeking the relief of a declaratory judgment without a case or controversy, and as lacking sufficient allegations for meeting the required jurisdictional amount in controversy. (Dk. 21). The plaintiffs and the individual defendants are siblings who have been trustees/beneficiaries of three separate family trusts.[1] The family trusts and the plaintiff, A. Kathleen Jones ("Jones"), became members of Dalrymple Farms, LLC ("LLC") which

---

[1] Lee Dalrymple is also a sibling, but he is not directly involved in this litigation as his legal interests are protected by a special needs trust which is a named party in this action. The complaint alleges the trust is "established for the benefit of Lee Dalrymple and claims an ownership interest in the Dalrymple Farms." (Dk. 1, ¶ 3).This trust has filed an answer opposing all relief requested in the complaint and asserting affirmative defenses. (Dk. 12).

was created in 2002 to own and manage the members' land and assets. A falling out between the siblings over the LLC's management led to contentious litigation in the District Court of Riley County, Kansas. The individual siblings, Michael Dalrymple, Sharon McCaffrey and Carol Klataske ("DM&K"), filed the first state court action in 2009 against Jones alleging breaches of fiduciary obligations and mismanagement of assets of the LLC and the trusts. The same three siblings later filed a related petition in 2013 as beneficiaries/trustees seeking to terminate the three family trusts, Alice A. Wilson Trust, The Esther Mae Dalrymple Trust, and The Lester R. Dalrymple Trust. The plaintiff Jones now seeks to draw the federal court into this fray by having it interpret and enforce the 2002 LLC's Operating Agreement on the applicability of a provision on the transfer of LLC membership interests. For the reasons stated below, the court will grant the defendants' motion to dismiss.

As set forth in her declaratory judgment complaint, the plaintiff Jones resides in Ecuador, South America, and alleges diversity jurisdiction based on the value of her rights to the LLC exceeding $75,000.00. The complaint alleges that the family trusts "distributed their membership units in Dalrymple Farms to their respective beneficiaries," and that this was done "[t]hrough a proceeding filed in the District Court of Riley County, Kansas, as Riley County Case No. 13-CV-142." (Dk. 1, ¶ 14). Jones complains that these LLC membership transfers occurred without giving prior written notice

to the LLC depriving it and herself of the opportunity under ¶ 11.2 of the LLC's 2002 operating agreement to exercise the first option of purchasing these membership interests. *Id.* at ¶¶ 16-19. Paragraph 11.2 also provides that if the other members "do not approve the transfer or assignment by unanimous written consent, the transferee or assignee shall have no right to participate in" managing the business, shall have no right to vote, and "shall not be considered a member of the Company." (Dk. 28-2, p. 7). Applying this particular provision to the facts alleged in her complaint, Jones asks the court to find that she is the only voting member of the LLC with the right to manage its business and that none of the defendants possess these rights. (Dk. 1, p. 6).

In their answer, the individual defendants allege that Jones is "the only original remaining member . . . because the Trusts have been closed by order of the Riley County District Court, and plaintiff has refused to sign the new Operating Agreement that the court ordered." (Dk. 13, p. 2). The defendants assert the affirmative defenses of res judicata and collateral estoppel. The defendants also bring a counterclaim against Jones alleging breaches of fiduciary duty in her role as trustee of two family trusts and in her management of the LLC. (Dk. 13, p. 4).

In seeking dismissal on grounds of res judicata and collateral estoppel, the defendants point to a state court order that directed the sale of the LLC's assets with the exception of mineral rights. The defendants also

highlight other state court orders that addressed the owners' placement of
these mineral rights into an LLC and the owners' management of this LLC.
The defendants assert that the plaintiff has refused to follow the state court
orders and now has filed this federal court action in an effort to take over
management of the mineral rights contrary to the state court orders. The
defendants argue for dismissal in that the plaintiff's federal suit attempts to
re-litigate matters resolved in state court and is barred, therefore, by res
judicata and collateral estoppel.

**STANDARDS GOVERNING MOTION**

The defendants do not cite the federal rule authorizing their
motion. As the defendants have filed their answer, the court will view their
motion as seeking judgment on the pleadings under Rule 12(c). *See
Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 n.2 (10th Cir.), *cert.
denied*, 537 U.S. 1066 (2002).  "A motion for judgment on the pleading
under Rule 12(c) is treated as a motion to dismiss under Rule 12(b)(6),"
*Atlantic Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1160
(10th Cir. 2000), and the same standards are used. "To survive a motion to
dismiss, a complaint must contain sufficient factual matter, accepted as true,
to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556
U.S. 662, 678 (2009) (quoting *Bell Atl. Cop. v. Twombley*, 550 U.S. 544,
570 (2007). The court accepts as true "all well-pleaded factual allegations in
a complaint and view[s] these allegations in the light most favorable to the

4

plaintiff." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009), *cert. denied*, 558 U.S. 1148 (2010).

On a motion to dismiss or for judgment on the pleadings, courts apply the general rule of considering only the contents of the complaint. *Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010). Exceptions to this rule include the following:  documents expressly incorporated by reference in the complaint; documents referenced in and central to the complaint, when no party disputes authenticity; and "'matters of which a court may take judicial notice.'" *Id.* (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007)). "If a district court intends to rely on other evidence, it must convert the Rule 12(b)(6) motion to a motion for summary judgment, giving proper notice to the parties." *Gee*, 627 F.3d at 1186 (citations omitted); *see* Fed. R. Civ. P. 12(d) ("All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.").

"Under res judicata, or claim preclusion, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or *could have been raised* in the prior action." *Wilkes v. Wyoming Dept. of Employment Div. of Labor Standards*, 314 F.3d 501, 503-04 (10th Cir. 2002) (internal quotation marks and citation omitted), *cert. denied*, 540 U.S. 826 (2003). Res judicata is an affirmative defense on which the defendant bears the burden of proof. *Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1256 (10th Cir. 1997), *cert. denied*, 523 U.S. 1064 (1998).

It may be raised in a motion to dismiss or for judgment on the pleadings based on the pleadings in that case and on records in a prior case involving the same parties. *See Merswin v. Williams Cos., Inc.*, 364 Fed. Appx. 438, 441 (10th Cir. 2010); *see also Q Int'l Courier, Inc. v. Smoak*, 441 F.3d 214, 216 (4th Cir. 2006) ("When entertaining a motion to dismiss on the ground of res judicata, a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact."). The court may "take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand." *United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir.) (citations omitted), *cert. denied*, 552 U.S. 969 (2007).

The plaintiff argues the defendants' motion is procedurally defective in attaching state court records and unauthenticated documents and, therefore, triggers the conversion of the motion to dismiss into a Rule 56 motion for summary judgment. Of the eight exhibits submitted with the defendants' motion, six are state court records, and the other two include a sale document evidencing the LLC's sale of real estate and a second document entitled, "Amended Operating Agreement of Dalrymple Farms, LLC," that is signed by all siblings but the plaintiff. Arguing that conversion to summary judgment proceedings is required and that the defendants' motion fails to comply with Rule 56 requirements, the plaintiff asks the court to deny the defendants' motion on these procedural grounds. In reply, the

defendants say their motion is not procedurally defective, because the court can take judicial notice of the six state court records and regard the other two documents as "immaterial to the issues in this case and [as] . . . only provided for background information." (Dk. 31, p.3, n.1).

"[D]istrict courts have discretion to accept or reject attached documents" to a motion to dismiss. *Lybrook v. Members of Farmington Mun. Schools Bd. of Educ.*, 232 F.3d 1334, 1341 (10th Cir. 2000) (citation omitted). The court exercises its authority to take judicial notice of the state court records in the prior cases involving the same or related parties, and it will not consider the other materials submitted in support of the motion to dismiss.  The court will take judicial notice of the state court records submitted by both sides as coming within the exception for prior judicial records involving the same parties. Moreover, the plaintiff's complaint expressly discusses the 2013 state case and the ruling therein. (Dk. 1, ¶ 14). *See Mavrovich v. Vanderpool*, 427 F. Supp. 2d 1084, 1090 (D. Kan. 2006) (The complaint's reference to prior state cases justified the court looking at them to determine the res judicata argument made in the Rule 12(b)(6) proceeding). The court also will consider the operating agreement which the plaintiff did attach to her complaint and which is the central document to the plaintiff's complaint. (Dk. 1, Ex. A). The court is not required to accept the plaintiff's affidavit and convert the defendants' motion into one for summary judgment just because it considered state court

records and the operating agreement. *Cf. Geras v. International Business Machines Corp.*, 638 F.3d 1311, 1314 (10th Cir. 2011). The court is vested with the "discretion to consider such materials." *Prager v. LaFaver*, 180 F.3d 1185, 1189 (10th Cir.), *cert. denied*, 528 U.S. 967 (1999). The court believes the defendants' motion can be properly decided without resort to the plaintiff's affidavit and conversion to summary judgment proceedings.

"In determining whether a state court judgment precludes a subsequent action in federal court, we must afford the state judgment full faith and credit, giving it the same preclusive effect as would the courts of the state issuing the judgment." *Reed v. McKune*, 298 F.3d 946, 949 (10th Cir. 2002) (internal quotation marks and citation omitted). The preclusive effect will not operate when "the party against whom an earlier court decision is asserted did not have a full and fair opportunity to litigate the claim or issue decided by the first court." *Allen v. McCurry*, 449 U.S. 90, 101 (1980). Thus, the federal court "must determine first whether, under the collateral estoppel rules of Kansas, the previous rulings by the state trial courts bar the plaintiffs from maintaining their present civil rights action; and second, whether the plaintiffs had a 'full and fair opportunity' to litigate their claims in state court." *Phelps v. Hamilton*, 122 F.3d 1309, 1318 (10th Cir. 1997).

"The modern trend is to more precisely refer to claim preclusion as res judicata and issue preclusion as collateral estoppel." *In re Tax Appeal*

8

*of Fleet*, 293 Kan. 768, 777, 272 P.3d 583 (2012) (citation omitted). Claim preclusion is intended "to prevent relitigation of a final judgment." *Id.* The four elements to claim preclusion are: "'(1) same claim; (2) same parties; (3) claims were or could have been raised; and (4) a final judgment on the merits.'" *State v. Martin*, 294 Kan. 638, 641, 279 P.3d 704, 704 (2012) (quoting *Winston v. Kansas Dept. of SRS*, 274 Kan. 396, 413, 49 P.3d 1274, *cert. denied*, 537 U.S. 1088 (2002)), *cert. denied*, 134 S. Ct. 114 (2013). Issue preclusion is intended to "prevent[] a second litigation of the same issue between the same parties, even when raised in a different claim or cause of action." *In re Tax Appeal of Fleet*, 293 Kan. at 779. The three elements to issue preclusion are:

> "(1) a prior judgment on the merits which determined the rights and liabilities of the parties on the issue based upon ultimate facts as disclosed by the pleadings and judgment; (2) the parties must be the same or in privity; and (3) the issue litigated must have been determined and necessary to support the judgment."

*Venters v. Sellers*, 293 Kan. 887, 898, 261 P.3d 538 (2011) (quoting *Waterview Resolution Corp. v. Allen*, 274 Kan. 1016, 1023, 58 P.3d 1284 (2002)).

<u>Prior State District Court Cases</u>

In 2009, DM&K sued Jones on allegations that she as trustee and LLC manager had breached fiduciary obligations and mismanaged assets of the LLC and the three family trusts. (Dk. 22-3, Petition in No. 09-CV-192). The petition asked, in part, "to have her removed as manager and trustee,

and for an accounting of her acts as a manager and trustee, as well as

orders of the court dissolving and winding up the affairs of the LLC." (Dk.

22-3, p.3, ¶ 7). After a three-day bench trial, the state district court entered

findings of fact and conclusions of law which included the following:

> 18. The parties agree that the LLC should be dissolved. The parties agree that all the real estate in Geary and Shawnee Counties and a lot in University Park should be sold. The Defendant asserts that all the agricultural land should be sold except for the mineral, oil and gas rights for the real estate in Sumner and Harper Counties. Those rights should be retained and divided pursuant to the percentages of ownership of the respective parties.
> 19. A "special needs" trust for the benefit of Lee Dalrymple should be created through the District Court. The Wilson Trust and Esther and Lester's trusts should be incorporated in the "special needs" trust. Upon the death of Lee, the remainder interest in the "special needs" trust, if any, should be distributed pursuant to the terms and provisions of the Wilson Trust, and the trusts of Esther and Lester.
> 20. The parties have agreed on the percentage interest each of them owns, as well as the interest each has in the Wilson Trust and Esther and Lester's trusts, and they have agreed that the Wilson Trust should be used for needs and benefits of Lee Dalrymple, as required, until his death.
> . . . .
> 27. The Defendant should remain as manager of the LLC through the dissolution.
> . . . .
> After three days of testimony, it has become very obvious that this business arrangement must end. The Defendant took on a tremendous responsibility for the care of her parents and disabled brother, Lee. For many years the parties were apparently content and/or satisfied with the Defendant's care for their brother and management of the trust, including the LLC.
> In hindsight, it now appears that some poor investments were made by the Defendant. Some of these were made with the knowledge of the Plaintiffs, some without, and some with partial knowledge. At no time did any of the parties follow the articles of operation.
> . . . .
> Therefore, it is the Order, Judgment and Decree of the Court that:
> > . . . .

> 3. That all real estate be sold with the mineral rights reserved
> . . . with the monies to be held until further order of this Court or
> agreement of the parties. If the parties are unable to agree upon the
> sale price, the Court retains jurisdiction to settle any dispute arising
> out of the sale of all real estate.
>
> 4. The combined assets of the LLC, both capital accounts and
> accounts receivable, are to be used to equalize the equity accounts
> and then distribution is to be made pursuant to the percentages of
> individual ownership as stipulated to by all parties.
>
> . . . .
>
> 6. All trusts should be terminated and any remaining interest of
> Lee Dalrymple, by statutory proceedings, converted to a special needs
> trust.

(Dk. 22-2, pp. 5-10, Order of October 28, 2011 in No. 09-CV-192). Thus,

the order reflects the parties' agreement over their respective ownership

interests in the LLC and for the mineral rights to be divided according to

those interests. In this same case, the parties announced their agreement

upon an order filed in August of 2012 for the sale of the real estate, and it

included this term:

> 3. With regard to the mineral rights retained by the L.L.C. in the
> property located in Sumner and Harper Counties, Kansas, the same
> shall be distributed, along with the proceeds of all sales mentioned
> herein, to the owners of the L.L.C. according to their interests as
> previously established by the Court herein. The mineral rights shall
> then be placed by their owners in a limited liability company created
> for that purpose, which shall own no other assets, and shall be
> managed by majority of vote of Kathleen Jones, Michael Dalrymple,
> Sharon McCaffrey and Carol Klataske, with sale of such rights to be by
> unanimous agreement. In the event one of them is deceased or
> incompetent, his or her estate, heirs or conservators shall have the
> right to exercise his or her vote for this purpose.

(Dk. 22, Ex. E, ¶ 3, Order of August 28, 2012 in No. 09-CV 192). In sum,

the state district court in No. 09-CV-192 ruled that the LLC was to be

dissolved, that the trusts were to be terminated, that the LLC's real estate

was to be sold except for the mineral rights, that the combined assets of the LLC were to be distributed "pursuant to the percentages of individual ownership as stipulated to by all parties," (Dk. 22-2, p. 9), that the mineral rights and sale proceeds were to be distributed pursuant to the same ownership percentages, and that the owners of the mineral rights would place them in a LLC for that purpose which would be managed by a majority vote of Jones and DM&K. The court ruled, with the parties' agreement, to terminate and dissolve the LLC and the trusts, to sell all of the LLC's assets except the mineral rights, and to retain the mineral rights in an LLC that would be managed by a majority vote of the parties.

In June of 2013, DM&K in their capacity as beneficiaries and co-trustee, petitioned Riley County District Court to terminate the three family trusts. (Dk. 28-3, Petition in 2013-CV-142). The petition attached the state court order of October 28, 2011, and noted that the order "specified that all three trusts should be terminated." (Dk. 2-3, ¶ 8c). The petition asked for the termination of all three trusts with the balances in each trust to "be divided and distributed to the Petitioners and A. Kathleen Jones in equal amounts, as provided in the respective trust documents." (Dk. 28-3, ¶ 14). The parties furnish two more orders from this state case. The first is a journal entry filed November 22, 2013, which amends the journal entry of September 17, 2013, and it includes this provision:

> 7.  All mineral royalty interests of Dalrymple Farms, LLC shall remain in the ownership of the LLC, with the income therefrom to be

distributed to Lee Dalrymple's special needs trust, and to Michael
Dalrymple, A. Kathleen Jones, Carol Klataske, and Sharon McCaffrey,
according to their percentages of ownership in the LLC as they existed
before the termination of the three trusts which are the subject of this
action. Those are:

| | |
|---|---|
| Carol A. Klataske | 13.258728% |
| Lee Dalrymple Special Needs Trust | 20.582368% |
| Michael Roy Dalrymple | 21.375816% |
| Sharon Pearl McCaffrey | 21.375816% |
| A. Kathleen Jones | 23.497272% |

(Dk. 22, Ex. H). This order, consistent with the orders in the 2009 case,

indicates the parties had calculated and the court had determined the

parties' percentages of ownership in the LLC even before the family trusts

were terminated. Also filed in the 2013 case is a journal entry that states the

following:

> The Court, after hearing the statements of counsel, reviewing
> the Court file, and being duly advised in the premises finds that it does
> not have jurisdiction over the issues raised by Movants in their Motion
> to Approve Execution of Lease, and that the Court did not have
> jurisdiction over Dalrymple Farms, LLC or to enter an order that its
> Operating Agreement would be amended as reflected by the Journal
> Entry dated August 26, 2013, which was filed on September 26, 2013.
> Based upon its lack of jurisdiction, the Court denies the Movant's
> Motion to Approve Execution of Lease.

(Dk. 28-4, p. 1). In sum, the state district court in No. 13-CV-142

terminated the trusts and ordered that ownership of the mineral royalty

interests remain in the LLC according to the ownership percentages that

existed before the trusts were terminated. The court later recognized in the

2013 case alone that it lacked jurisdiction over the LLC in order to modify

the terms of 2002 operating agreement based on the issues first raised by

the parties in 2014.

13

Claim Preclusion

"The doctrine of res judicata (or claim preclusion) prohibits a party from asserting in a second lawsuit any matter that might have been asserted in the first lawsuit." *Winkel v. Miller*, 288 Kan. 455, 468, 205 P.3d 688 (2009) (internal quotation marks and citation omitted). "It should be noted that the doctrine of res judicata prevents the splitting of a single cause of action or claim into two or more suits. The doctrine of res judicata requires that all the grounds or theories upon which a cause of action or claim is founded be asserted in one action or they will be barred in any subsequent action." *Parsons Mobile Prods., Inc. v. Remmert*, 216 Kan. 138, 531 P.2d 435, 437 (1975).

Denying the applicability of claim preclusion, the plaintiff contends no one has litigated the issue whether the family trusts in terminating and transferring their ownership interests in the LLC were required to follow the terms of the operating agreement and obtain her written consent first. She argues this situation did not become ripe for litigation until the state court in the 2013 case terminated the trusts and the transfers were made.

On the element of a same claim, the test in Kansas looks at whether "the primary right and duty and delict or wrong is the same in each action." *Dexter v. Brake*, 46 Kan. App. 2d. 1020, 1027-28, 269 P.23d 846 (Kan. App. 2012) (citation omitted). In her federal suit, Jones is seeking

14

declaratory relief concerning which owners may be involved in the managing the LLC's assets after the parties followed through with meeting the requirements of the 2009 state court orders that mandated the LLC's dissolution and the trusts' termination. The 2009 state court petition sought the removal of Jones as the LLC's manager and the dissolution and winding up of the LLC. The state court granted relief as alleged in the petition and agreed to by the parties that addressed the management and distribution of the LLC's assets throughout the dissolution and winding up process. This federal action arises out of the parties' ongoing conflict on the handling of LLC's assets in dissolution and winding up process. Thus, the plaintiff's federal action is seeking the same relief in determining who and how the LLC's assets will be managed.

On the element of same parties, Jones argues the Lee Dalrymple Special Needs Trust was not a party in the 2009 and 2013 case. As the court order in the 2009 case makes plain, Lee Dalrymple's interests were involved in that action and were represented by the parties in their roles as trustees of the family trusts. (Dk. 22-2). The state court in that case also ordered the creation of the Lee Dalrymple Special Needs Trust and its key terms. Thus, privity exists between the parties in the 2009 case and this federal action.

On the element of the claims were or could have been raised, Jones contends her action for declaratory relief could not have been raised, as the family trusts had not yet transferred their interests in the LLC without

complying with ¶ 11.2 of the operating agreement. The defendants respond that the state court in the 2009 case ordered the trusts to be terminated and determined the percentage of LLC ownership interests and that Jones never appealed or challenged the district court's order in this regard. The state court also followed up with the parties' agreed order in August of 2012 that decided the management of the LLC's mineral rights assets following the sale of the real estate assets. In short, Jones certainly knew that the state court had ordered the trusts to be terminated, the LLC to be dissolved, the LLC's assets to be distributed, and the LLC's mineral rights to be managed in a particular way. She also knew the terms of ¶ 11.2 and with reasonable diligence could have claimed that those terms should be part of the LLC's dissolution and winding up. Indeed, there does not appear to be anything that prevented Jones from claiming the termination of the trusts and subsequent transfers of LLC ownership interests, as already determined, would be subject to the operating agreement's provisions at ¶ 11.2. Of course, for Jones to have taken such a position at the time would not have made much sense considering that she instead agreed to the state court ordering the LLC's dissolution (Dk. 22-2, ¶ 18) and to the court also ordering who would manage the LLC's mineral rights and their voting rights after the LLC's sale of the real property (Dk. 22, Ex. E, ¶ 3).

Finally, on the element of a final judgment on the merits, Jones argues the state court subsequently ruled that it had no jurisdiction over the

LLC and could not enter orders amending the LLC's operating agreement. The state court orders directing the dissolution of the LLC, the termination of the trusts, and the post-sale management of the LLC's mineral rights are a final judgment in the 2009 case. The recent order in the 2013 case cited by Jones does not set aside, modify or amend the final judgment entered in the 2009 case. Instead, this recent order does no more than recognize that the 2013 action was brought to terminate the family trusts and did not give the court jurisdiction over the LLC. The plaintiff offers the court no viable basis for believing that this recent order in the 2013 case should have any effect on the finality of the judgment entered in the 2009 case. Finding all four elements met, the court concludes that res judicata or claim preclusion bars the plaintiff's declaratory judgment action.

<u>Issue Preclusion</u>

The above analysis shows a final judgment on the merits in the 2009 case that determined the parties' rights and liabilities under the LLC, their ownership interests under the LLC, the dissolution and winding up of the LLC, and the termination of the trusts. Privity between the parties is established as discussed above. Finally, the parties' ownership and management of the remaining mineral rights also were matters expressly decided pursuant to the parties' agreement and were a necessary part of the 2009 judgment for dissolving the LLC and terminating the family trusts. The court finds collateral estoppel or issue preclusion also applicable and as a bar

to the plaintiff's action. The plaintiff Jones had a full and fair opportunity to litigate the applicability of ¶ 11.2 from the operating agreement in the dissolution of the LLC and the termination of the trusts. She did not raise this issue but agreed instead to the LLC's dissolution and did not appeal the court's finding on the parties' percentages of ownership in the LLC even before the family trusts were terminated. Collateral estoppel or issue preclusion bars the plaintiff's claims.

IT IS THEREFORE ORDERED that the individual defendants' motion to dismiss the plaintiff's claims or judgment on the pleadings (Dk. 21) is granted on the grounds stated above.

Dated this 15th day of April, 2014, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge