IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

A. KATHLEEN JONES,

          Plaintiff

  vs.                                          Case No. 14-1245-SAC

MICHAEL DALRYMPLE,
SHARON McCAFFREY,
CAROL KLATASKE, and
LEE DALRYMPLE SPECIAL
NEEDS TRUST,

          Defendants.

MEMORANDUM AND ORDER

On June 2, 2015, the court granted the three individual defendants' joint motion to dismiss their counterclaims and directed the parties to inform the court by June 12, 2015, as to anything preventing entry of judgment. (Dk. 36). The plaintiff filed on June 10, 2015, a motion to stay the proceedings in this case pending a ruling by the District Court of Riley County, Kansas on A. Kathleen Jones' motion for relief from judgment pursuant to K.S.A. 60-260(b) in the state case of *Dalrymple, et al., v. Jones*, No. 09-CV-192. (Dk. 39). In effect, Ms. Jones apparently is now seeking to set aside the final orders in the state court case on which this court relied in making its findings of claim and issue preclusion and for granting the individual defendants' motion to dismiss the plaintiff's declaratory judgment action. The defendants oppose a stay and ask the court to enter final

judgment in this case which they say was the plaintiff's effort to re-litigate in federal court those matters that had been either decided in state court or resolved there in agreed orders. The plaintiff replies that judicial economy and logic support a stay.

"'District courts have the discretion to grant or deny motions to stay entry of judgments.'" *Capital Security Systems, Inc., v. ABNB Federal Credit Union*, 2014 WL 5334270 at *1 (E.D. Va. 2014) (quoting *Steel Erectors, Inc. v. J.A. Jones Const. Co.*, 865 F.2d 255, unpub. op. at *2 (4th Cir. 1988)). "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance." *Landis v. N. Am. Co.*, 299 U.S. 248, 254–255 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)). In seeking a stay of judgment, the movant "'must justify it by clear and convincing circumstances outweighing potential harm to the party against whom it is operative.'" *Capital Security Systems, Inc., v. ABNB Federal Credit Union*, 2014 WL 5334270 at *1 (quoting *Williford v. Armstrong World Indus.*, 715 F.2d 124, 127 (4th Cir. 1983)). The factors to be considered include, "'(1) the interests of judicial economy; (2) hardship and equity to the moving party if the action is not stayed; [and] (3) potential prejudice to the non-moving party.'" *Capital*

*Security Systems*, 2014 WL 5334270 at *1 (quoting *Sehler v. Prospect Mortg., LLC, No. 1*, 2013 WL 5184216, at *2 (E.D.Va. 2013)).

The plaintiff seeks this stay while she pursues her K.S.A. 60-260(b) motion for relief from judgment in state court. In that state court motion, she argues the state district court lacked jurisdiction over Dalrymple Farms, LLC to enter orders in 2011 and 2012 that affected the LLC's management and disposition. If successful on her motion, the plaintiff says she intends to file then a motion to reconsider in this federal court proceeding. Therefore, she asks this court to stay its entry of final judgment pending the state court's ruling on her K.S.A. 60-260(b) motion. Notably, the plaintiff does not come forward with any other reasons for delaying entry of judgment.

With the dismissal of their counterclaims and with the winding down and imminent termination of the Lee Dalrymple Special Trust due to Lee's death in February of 2015, the defendants assert there is no good reason for not entering judgment at this time. Neither the plaintiff nor the defendant special trust has voiced any objection to the entry of judgment based on the defendant special trust's failure to join the other defendants' motion to dismiss the plaintiff's action. There appears to be implied agreement that the court's ruling to dismiss the declaratory judgment action should apply also to the defendant special trust.

Opposing the plaintiff's motion for stay, the defendants note that the plaintiff's state court filing has no impact on this case, because the filing of a 60-260(b) motion "does not affect the judgment's finality or suspend its operation." K.S.A. 60-260(c). Moreover, a K.S.A. 60-260(b) motion is not regarded as an alternative to direct appeal, and the court's power to vacate judgments "is not provided to relieve a party from a free, calculated, and deliberate choice." *Vogeler v. Owen*, 243 Kan. 682, 685, 763 P.2d 600 (1988). In that regard, Ms. Jones never appealed the state court judgment now being attacked. Additionally, as reflected in this court's dismissal order, Ms. Jones had agreed with or stipulated to many aspects of the state court's orders over the LLC's dissolution, the respective division of ownership interests, the division and distribution of mineral rights and assets, and the retention and management of the mineral rights. (Dk. 32, p. 10-12). For that matter, the court already has rejected the plaintiff's argument for applying here the state court's jurisdictional ruling in the other state case, No. 13-CV-142:

> In sum, the state district court in No. 13-CV-142 terminated the trusts and ordered that ownership of the mineral royalty interests remain in the LLC according to the ownership percentages that existed before the trusts were terminated. The court later recognized in the 2013 case alone that it lacked jurisdiction over the LLC in order to modify the terms of 2002 operating agreement based on the issues first raised by the parties in 2014. (Dk. 32, p. 13).
> . . . .
> Finally, on the element of a final judgment on the merits, Jones argues the state court subsequently ruled that it had no jurisdiction over the LLC and could not enter orders amending the LLC's operating agreement. The state court orders directing the dissolution of the LLC,

4

>the termination of the trusts, and the post-sale management of the LLC's mineral rights are a final judgment in the 2009 case. The recent order in the 2013 case cited by Jones does not set aside, modify or amend the final judgment entered in the 2009 case. Instead, this recent order does no more than recognize that the
>2013 action was brought to terminate the family trusts and did not give the court jurisdiction over the LLC. The plaintiff offers the court no viable basis for believing that this recent order in the 2013 case should have any effect on the finality of the judgment entered in the 2009 case. Finding all four elements met, the court concludes that res judicata or claim preclusion bars the plaintiff's declaratory judgment action. (Dk. 32, pp. 16-17).

The defendants conclude the plaintiff's grounds for a stay—seeking one last effort to prevail in state court after failing in federal court—do not justify keeping alive the federal part of this procedurally entangled creation of forum shopping.

The plaintiff has not persuaded the court to stay its entry of judgment here. First, this procedurally entangled situation is of the plaintiff's own making, as is the so-called hardship from the court now entering judgment. Second, the defendants are rightfully entitled to finality in the federal forum at this point. Third, judicial economy is not served if the plaintiff is encouraged to bounce between the forums and if the court's cases are not closed when all pending matters are decided. In the exercise of its judgment, the court declines to stay the entry of judgment.

IT IS THEREFORE ORDERED that the plaintiff's motion to stay (Dk. 39) is denied;

IT IS FURTHER ORDERED that the clerk of the court shall enter judgment reflecting that its order of dismissal (Dk. 32) applies to all

5

defendants and reflecting that the later order dismisses the defendants' counterclaims (Dk. 36).

Dated this 10th day of July, 2015, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge