IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

A. KATHLEEN JONES,

           Plaintiff

vs.                                                                                                    Case No. 14-1245-SAC

MICHAEL DALRYMPLE,
SHARON McCAFFREY,
CAROL KLATASKE, and
LEE DALRYMPLE SPECIAL
NEEDS TRUST,

           Defendants.

MEMORANDUM AND ORDER

        The case comes before the court on the motion of the plaintiff A. Kathleen Jones ("Jones") for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(5) and (6). (Dk. 51). Because this case is already on appeal pending before the Tenth Circuit, the district court established a briefing schedule and has received the parties' timely response and reply briefs. After reviewing the briefs, the exhibits, and the prior orders and filings and after giving all matters full consideration, the district court exercises its retained jurisdiction and denies the Rule 60(b) motion for all the reasons stated below.

        For the procedural background to this motion, the court will rely on its earlier orders. The plaintiff's post-judgment motion does not take issue with the court's prior summaries or descriptions of the filed state court

orders. Rather, she seeks the court to vacate its ruling in light of the state judge's recent observations offered from the bench about his prior filed decisions. In understanding the nature of the plaintiff's declaratory judgment action, the court summarized it in these terms:

> The plaintiffs and the individual defendants are siblings who have been trustees/beneficiaries of three separate family trusts. The family trusts and the plaintiff, A. Kathleen Jones ("Jones"), became members of Dalrymple Farms, LLC ("LLC") which was created in 2002 to own and manage the members' land and assets. A falling out between the siblings over the LLC's management led to contentious litigation in the District Court of Riley County, Kansas. The individual siblings, Michael Dalrymple, Sharon McCaffrey and Carol Klataske ("DM&K"), filed the first state court action in 2009 against Jones alleging breaches of fiduciary obligations and mismanagement of assets of the LLC and the trusts. The same three siblings later filed a related petition in 2013 as beneficiaries/trustees seeking to terminate the three family trusts, Alice A. Wilson Trust, The Esther Mae Dalrymple Trust, and The Lester R. Dalrymple Trust. The plaintiff Jones now seeks to draw the federal court into this fray by having it interpret and enforce the 2002 LLC's Operating Agreement on the applicability of a provision on the transfer of LLC membership interests. For the reasons stated below, the court will grant the defendants' motion to dismiss.
> 	As set forth in her declaratory judgment complaint, the plaintiff Jones resides in Ecuador, South America, and alleges diversity jurisdiction based on the value of her rights to the LLC exceeding $75,000.00. The complaint alleges that the family trusts "distributed their membership units in Dalrymple Farms to their respective beneficiaries," and that this was done "[t]hrough a proceeding filed in the District Court of Riley County, Kansas, as Riley County Case No. 13-CV-142." (Dk. 1, ¶ 14). Jones complains that these LLC membership transfers occurred without giving prior written notice to the LLC depriving it and herself of the opportunity under ¶ 11.2 of the LLC's 2002 operating agreement to exercise the first option of purchasing these membership interests. *Id.* at ¶¶ 16-19. Paragraph 11.2 also provides that if the other members "do not approve the transfer or assignment by unanimous written consent, the transferee or assignee shall have no right to participate in" managing the business, shall have no right to vote, and "shall not be considered a member of the Company." (Dk. 28-2, p. 7). Applying this particular provision to the facts alleged in her complaint, Jones asks the court to

find that she is the only voting member of the LLC with the right to manage its business and that none of the defendants possess these rights. (Dk. 1, p. 6).

(Dk. 32, pp. 1-3). The defendants moved to dismiss this action on grounds of res judicata and collateral estoppel. (Dk. 21). They presented filed state court orders that had directed the termination of the trusts and the agreed dissolution of the LLC and had compelled the sale of all LLC assets except for the mineral rights. The orders also compelled the use of the assets first "to equalize the equity accounts and then distribution . . . pursuant to the percentages of individual ownership as stipulated to by all parties." (Dk. 32, p. 11).

This court granted the defendants' motion to dismiss and issued findings that included,

> In sum, the state district court in No. 09-CV-192 ruled that the LLC was to be dissolved, that the trusts were to be terminated, that the LLC's real estate was to be sold except for the mineral rights, that the combined assets of the LLC were to be distributed "pursuant to the percentages of individual ownership as stipulated to by all parties," (Dk. 22-2, p. 9), that the mineral rights and sale proceeds were to be distributed pursuant to the same ownership percentages, and that the owners of the mineral rights would place them in a LLC for that purpose which would be managed by a majority vote of Jones and DM&K. The court ruled, with the parties' agreement, to terminate and dissolve the LLC and the trusts, to sell all of the LLC's assets except the mineral rights, and to retain the mineral rights in an LLC that would be managed by a majority vote of the parties.
> In June of 2013, DM&K in their capacity as beneficiaries and co-trustee, petitioned Riley County District Court to terminate the three family trusts. (Dk. 28-3, Petition in 2013-CV-142). The petition attached the state court order of October 28, 2011, and noted that the order "specified that all three trusts should be terminated." (Dk. 2-3, ¶ 8c). . . In sum, the state district court in No. 13-CV-142 terminated the trusts and ordered that ownership of the mineral royalty interests

3

> remain in the LLC according to the ownership percentages that existed before the trusts were terminated. The court later recognized in the 2013 case alone that it lacked jurisdiction over the LLC in order to modify the terms of 2002 operating agreement based on the issues first raised by the parties in 2014. [(Dk. 32, pp. 11-13)]
> . . . .
> . . . The 2009 state court petition sought the removal of Jones as the LLC's manager and the dissolution and winding up of the LLC. The state court granted relief as alleged in the petition and agreed to by the parties that addressed the management and distribution of the LLC's assets throughout the dissolution and winding up process. This federal action arises out of the parties' ongoing conflict on the handling of LLC's assets in dissolution and winding up process. Thus, the plaintiff's federal action is seeking the same relief in determining who and how the LLC's assets will be managed.
> . . . .
> On the element of the claims were or could have been raised, Jones contends her action for declaratory relief could not have been raised, as the family trusts had not yet transferred their interests in the LLC without complying with ¶ 11.2 of the operating agreement. The defendants respond that the state court in the 2009 case ordered the trusts to be terminated and determined the percentage of LLC ownership interests and that Jones never appealed or challenged the district court's order in this regard. The state court also followed up with the parties' agreed order in August of 2012 that decided the management of the LLC's mineral rights assets following the sale of the real estate assets. In short, Jones certainly knew that the state court had ordered the trusts to be terminated, the LLC to be dissolved, the LLC's assets to be distributed, and the LLC's mineral rights to be managed in a particular way. She also knew the terms of ¶ 11.2 and with reasonable diligence could have claimed that those terms should be part of the LLC's dissolution and winding up. Indeed, there does not appear to be anything that prevented Jones from claiming the termination of the trusts and subsequent transfers of LLC ownership interests, as already determined, would be subject to the operating agreement's provisions at ¶ 11.2. Of course, for Jones to have taken such a position at the time would not have made much sense considering that she instead agreed to the state court ordering the LLC's dissolution (Dk. 22-2, ¶ 18) and to the court also ordering who would manage the LLC's mineral rights and their voting rights after the LLC's sale of the real property (Dk. 22, Ex. E, ¶ 3). [(Dk. 32, pp. 15-16)].

(Dk. 32).

On the defendants' motion, the court dismissed their counterclaims. (Dk. 36). The plaintiff Jones moved to stay the federal court proceedings pending a ruling by the District Court of Riley County, Kansas, on her motion for relief from judgment in which she argued that the state court judgments "are void as to Dalrymple Farms (Dalrymple Farms or LLC) for lack of personal jurisdiction." (Dk. 39). The court denied the plaintiff's motion to stay and directed the clerk of the court to enter final judgment applying its dismissal order to all defendants. (Dk. 45). With the entry of judgment, the plaintiff Jones filed her notice of appeal to the Tenth Circuit Court of Appeals on August 10, 2015. (Dk. 47).

On June 21, 2015, the plaintiff Jones filed her Rule 60(b)(5) and (6) motion for relief from judgment which is now pending after being fully briefed by both sides. (Dk. 51). She bases her motion on what transpired in arguing and presenting her separate motion for relief from judgment filed in the Riley County District Court. She attaches a transcript from that hearing. Jones asks this court to consider the state judge's comments quoted below and to take them as conclusive proof that the state court did not decide the issues presented in the plaintiff's federal declaratory judgment action:

> MR. MALONE (counsel for Jones): . . . However, the one thing counsel (for defendants) hasn't talked about, and the one thing that we've – that my client's been trying to do since this –since I got involved is what is the status of the LLC? It's in good standing, but we know there are orders that say my client's still the manager. We know she was one of the original members, and she still has her membership units, but we never have gotten the right to go somewhere to have litigated

5

the issue of who is in charge? Who has voting rights as who are the members versus who are the owners? We know who the owners are.
THE COURT:  I don't think there's ever been an order entered just making that determination.
MR. MALONE:  Exactly. That's what we're trying to have an opportunity to do.
THE COURT:  Well, why have any of these lawsuits precluded you from filing that very action in the state court right now?
MR. MALONE:  Well, I suspect that counsel here is gonna argue that since that's what we tried to do in the federal court, that was the basis of the federal court case, Your Honor. . . .  What the (federal) Court found was that because no one challenged the validity of these orders affecting the LLC in the '09 case that they found to be presumptively valid. They didn't find that anybody's ever made any findings with regard to jurisdiction, or whether or not the entity should have been involved in the case. It specifically said that would have been something that should have been done somewhere else, but federal court didn't address it, but it did rely on the fact that those orders exist to say well, there's already an order over here that says that the LLC is supposed to be liquidated and it's supposed to be—everything was distributed, etc. Well, the parties then had other orders entered in the 2013 case completely, seemingly voiding those prior orders because they weren't followed and new different directions were made, and so that's the whole point.

    The LLC doesn't know who is in charge of it right now. I mean, my client has her position, but the parties are really—the LLC is essentially frozen right now because the parties can't agree about who is in charge, who has authority to sign documents, i.e. an oil and gas lease. The right to do anything. That's why I'm here. I'm trying to get a clean slate so we can get a court somewhere, whether I file it here, whether I file, we get to back to federal court, my goal is to get this issue of who is the manager. We know who the owners are, but who has voting rights, who are members under the terms of the operating agreement, so that we can get those issues sorted out and proceed.
THE COURT:  I haven't entered any orders on that. Have I?
MR. MALONE:  Absolutely, you have not. That's what I'm trying to get decided. It's never been decided, but counsel has been arguing that it has been. That's what he argued in federal court. But it hasn't.
MR. GORDON (counsel for defendants):  Your Honor, it's very simple. He can go to court and file a case and ask for declaratory judgment, but what he's trying to do is avoid orders that his client signed off on. He's trying to take us back to an earlier place. He can't do that.

    Look at the LLC documents. Go to court and say I need some clarification on X, Y and Z. That's completely different than saying,

hey, Judge, throw out everything that the parties have done, and now let's start from the beginning and let's determine what A, B and C are.

As he stood here today he has not said or identified how the failure of the LLC to be a named party had any impact on the rulings that were prior—that were made. All of the parties were there. All of the parties were represented. The issue of jurisdiction was not made and orders were not appealed. The case law is clear. They stand. The federal court has told us that. (pp. 26-29).

. . . .

MR. MALONE:  The problem is, I'd like to have an opportunity to come into court somewhere to get a chance to litigate who the manager of the LLC is, whether the owners, whether they have status of owners, whether they have status of ownership only or whether they are members, full members of the operating agreement have voting rights or management rights. We're trying to get that issue decided so that these parties can move forward. Right now, that issue is unresolved.
THE COURT:  And you see, counsel, that's the problem I'm having, because none of these addressed that issue, nor was I asked to address that issue. (p. 33).

. . . .

THE COURT:  The Court would make the following findings:  That in the—in this case, 2009 CV 192, all of the necessary parties of the LLC, I will refer to as Dalrymple Farms, were properly made parties to the lawsuit. As has been referred to and the record will reflect, at various times throughout the proceedings all the parties, plaintiff and defendant, entered into certain stipulations and agreed to orders. At no point did any of the parties raise the issue of the LLC not being a proper party, even though many of the litigated items and many of the items agreed to by the parties involved the—some of the assets of the LLC, therefore it could have been raised, but it was never raised, and there was never an appeal filed raising that issue or challenging the orders which are entered.

As I hear defendant Jones' argument today, the reason they feel like this judgment should be—or judgments should be set aside is so that they can determine who manages the LLC, who has the rights to vote in the LLC, and who has the right to, I guess share in the profits of the LLC. None of this—none of the Court's orders that have been referred to and that I'm aware of ever addressed that issue.

There was an order, which the record will reflect how that was arrived at, whether by agreement of the parties or order of the Court, but my independent recollection today is that as a result of multiple hearings it was either agreed to by the parties or it was the order of the Court that the LLC was gonna be dissolved and somebody needed to manage it during that period of dissolution. And it was either my

7

> thought or it was agreed by the parties—again, the record will reflect which the one who had been doing—managing it this period of time, she probably had the best knowledge of what was going on or what needed to be done, and so that she should continue. And as I recall that's all it was, just a continuation of who had been managing. It wasn't a change, by any means.  So that order I think it says remain managing partner in the LLC. It wasn't a change, at all. Didn't change anything.
> So the point I guess I'm making is that any of the orders that I have entered has never resulted in a separate lawsuit, a declaratory judgment determining those three issues which are raised. To declare this judgment—these judgments null and void would result in a total relitigation of this whole issue, and much water has gone under the bridge since then. Many actions have been taken by the parties in reliance upon these orders. As has been referred to, apparently many or some of the assets have even been sold.
> . . . .
> The Court does believe that it did have jurisdiction over the parties, and that the orders are valid, and Dalyrymple Farms, LLC was not a necessary party to resolve those issues which were decided by order of the Court and/or by stipulation of all of the parties that are a member of the LLC. And that will be my order. (pp. 36-38).

(Dk. 51, pp. 26-29, 33, 36-38). The plaintiff asks this court to reconsider its rulings applying claim preclusion and issue preclusion in light of the state district court judge's comments. The plaintiff equates these comments to a state court determination that there was no final determination of the "claims addressed by Plaintiff in her [federal declaratory judgment] Complaint." (Dk. 51, p. 6).

The defendants characterize the plaintiff's 60(b) motion as seeking relief on the basis of newly discovered evidence and as being untimely under the strict one-year time period governing this subsection. Alternatively, the defendants argue the plaintiff's motion was not filed within a reasonable time period, as she waited more than ten months after the

8

state court hearing to file her 60(b) motion. Finally, the defendants rightly note that the state court judge was working off of his independent recollection and that the state court's judgment is defined by the filed orders, not a judge's subsequent recollection from the bench. As to the state court rulings on the management of the LLC, the defendants reiterate:

> Moreover, the order in which management issue was addressed was an agreed order. It was not prepared by Judge Wilson nor was it the result of his deliberative process. Rather, the judge simply approved an order which had been crafted by the parties. Obviously, in determining what was decided in prior proceedings so as to give rise to res judicata or collateral estoppel, the controlling source is the order or orders actually entered, not a district court judge's later recollection. This is especially true where, as here, the recollection is expressed in the context of a proceeding where the scope of the prior rulings is not even the issue.

(Dk. 54, pp. 10-11).

In reply, Jones explains her motion as based not on newly discovered evidence but on recent rulings that confirm the earlier state court orders to never have existed. Jones attributes the delay in bringing this motion to their mediation efforts before the Tenth Circuit. Finally, Jones contends there is no final judgment, based on what the state court judge said from the bench, "on who are the owners of Dalrymple Farms, who are the members of Dalrymple Farms, who has the voting rights in the LLC, and who is entitled to run the day-to-day operations of the LLC." (Dk. 55, p. 5).

The court is to "keep[] in mind that Rule 60(b) relief is extraordinary and may only be grated in exceptional circumstances." *Lebahn v. Owens*, 813 F.3d 1300, 1306 (10th Cir. 2016) (quotation marks and

9

citation omitted). This is a "heavy burden to justify relief under Rule 60(b)(6)." *Cothrum v. Hargett,* 178 Fed. Appx. 855, 858-59 (10th Cir. May 26, 2006) (citing *Searles v. Dechant*, 393 F.3d 1126, 1131 (10th Cir. 2004)). A Rule 60(b) motion must be brought "within a reasonable time" and within one year of judgment on grounds (1)-(3). Fed. R. Civ. P. 60(c)(1).

        The court summarily rejects the defendants' challenges to the timeliness of the plaintiff's motion, because it was filed within a reasonable time period and is not based on newly discovered evidence or a new ruling, interpretation or order. Instead, plaintiff's motion hinges on a state judge's "independent recollection" of what he ordered in terms of the LLC's dissolution and its management during dissolution. (Dk. 51-1, p. 37). The state judge strongly indicated that what he was saying about his prior orders was his recollection. (Dk. 51-1, pp. 27- 28, 33, 37).

        Indeed, the state judge's comments are not really an interpretation of his prior orders as much as his recollection that he had not been asked to rule on Jones' issues concerning who should presently manage the LLC, who has voting rights in the LLC, and who should share in the profits. (Dk. 51-1, p. 37). A fair reading of the transcript shows the state judge was understanding counsel for Jones to be arguing that they needed current guidance:

> MR. MALONE: . . . The LLC doesn't know who is in charge of it right now. I mean, my client has her position, but the parties are really—the

> LLC is essentially frozen right now because the parties can't agree about who is in charge, who has authority to sign documents, i.e. an oil and gas lease. The right to do anything. That's why I'm here. I'm trying to get a clean slate so we can get a court somewhere, whether I file it here, whether I file, we get to go back to federal court, my goal is to get this issue of who is the manager. We know who the owners are, but who has voting rights, who are members under the terms of the operating agreement, so that we can get those issues sorted out and proceed.
> THE COURT:  I haven't entered any orders on that. Have I?
> MR. MALONE:  Absolutely, you have not. That's what I'm trying to get decided. It's never been decided, but counsel has been arguing that it has been. That's what he argued in federal court. But it hasn't.

(Dk. 51-1, p. 28). To be clear, there is a distinction between what counsel for Jones was arguing as the outstanding issues and what had been pleaded as the federal declaratory judgment action. The federal complaint was not pleaded to seek relief on these open-ended issues. Rather, Jones asked this court to find that the defendants violated ¶ 11.2 of the LLC's operating agreement when they terminated the trusts pursuant to the state court's orders and transferred ownership interests accordingly. This court's findings on claim preclusion fully discuss how this claim overlaps with the state court orders. (Dk. 32, pp. 15-16). The court particularly highlighted the parties' agreed order signed by the state court in August of 2012 which compelled the sale of the LLC's real estate and which ordered:

> 3. With regard to the mineral rights retained by the L.L.C. in the property located in Sumner and Harper Counties, Kansas, the same shall be distributed, along with the proceeds of all sales mentioned herein to the owners of the L.L.C. according to their interests as previously established by the Court herein. The mineral rights shall then be placed by their owners in a limited liability company created for that purpose, which shall own no other assets, and shall be managed by majority of vote of Kathleen Jones, Michael Dalrymple,

>  Sharon McCaffrey and Carol Klataske, with sale of such rights to be by unanimous agreement.

(Dk. 22, Ex. E). The court remains convinced that the state court orders, despite their conflicting terms, constitute final judgments on the termination of the trusts, on the dissolution of the LLC, on the management of the LCC during dissolution, and on the handling of the mineral rights after the sale of the real estate. The plaintiff's declaratory judgment action is an effort to rewrite the state court orders to require the dissolution, transfer of interests and management of mineral rights according to inconsistent terms within the LLC's operating agreement, when those terms were never presented to the state court or incorporated into any of the agreed orders.

In his bench findings, the state judge did recall ordering the dissolution of the LLC and having Ms. Jones manage the LLC during that period of dissolution. (Dk. 51-1, p. 37). His failure to recall the terms of August 2012 ruling is of no consequence, for the state judge expressed no intention of modifying, overturning, or vacating any of the language, terms, or rulings found in his prior orders. In addition, the state judge found that he had jurisdiction to act and so entered valid orders for the dissolution of the LLC and for the management of the LLC during dissolution. (Dk. 51-1, p. 37). In short, there is no change in the state record on which this court relied in making the claim preclusion/issue preclusion rulings. The court finds no arguments or grounds that justify relief under Rule 60(b).

IT IS THEREFORE ORDERED that the plaintiff's motion for relief from judgment pursuant to Fed. R. Civ. P. 60(b)(5) and (6) (Dk. 51) is denied.

Dated this 12th day of August, 2016, Topeka, Kansas.

s/Sam A. Crow
Sam A. Crow, U.S. District Senior Judge